◈ AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     Delaware

UNITED STATES OF AMERICA
V.
Jose Bezarez
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 07-34M-MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by     clear and convincing evidence     a preponderance of the evidence: the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required or the safety of the community for the following reasons:

1. the evidence against defendant is strong. Defendant admitted to possession of the weapon. Further defendant was observed attempted to get rid of the weapon during his flight from officers.
2. Defendant is unemployed and there is really no employment history at least not one showing any stability.
3. Defendant has aliases and is also known by Jose Bezarcez, Jose Papeto, Hoseo Bazarez, Jose Bezares, Jose Garcia, Chip Bezarez, records show 3 SS#.
4. Although defendant claims that he has been diagnosed as bi-polar and schizophrenic, he takes no or stopped taking his medications. Apparently, he self-medicates by using on a regular basis PCP, MJ and ecstacy. In fact, it was evident at the time of his initial appearance that defendant was or had used some drug. He was, however, competent to understand the process as confirmed by his attorney.
5. Defendant's criminal history begins at age 12 and continues on a regular basis through 2004. He had 15 arrests as a juvenile with 9 findings of (confirmed) of delinquency, a number of which resulted in confinement. He has been found in VOP on 6 separate occasions. He has been convicted of felony possession of handgun and possession of a controlled substance, unlawful sexual intercourse 3rd, possession of a narcotic, maintaining a vehicle for keeping of controlled substances (at least 2 separate convictions, one of which he was on probation at the time of this offense). Moreover, a warrant was issued on February 3, 2007 for JP Court 20 for possession of a firearm during the commission of a felony and reckless endangering 1st.

FILED

MAR 6 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| March 6, 2007 | _(signature)_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).